```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
ERIC HOFFMAN, WILLIE HORNE,         :   16 Civ. 0155 (LAK)(JCF)
GREGORY McCLAIN, and CLIFFORD ROSS  :
on behalf of themselves and all     :
others similarly situated,          :
                                    :
             Plaintiffs,            :
                                    :
    - against -                     :
                                    :
CHERYL IGHODARO, ANGELA HALL, and   :
PRECISE MANAGEMENT, INC.,           :
                                    :
             Defendants.            :
- - - - - - - - - - - - - - - - - -:
TASHEEN McLEAN, DAMIEN LYNCH, and   :   16 Civ. 4380 (LAK)(JCF)
JOHN GODOY, on behalf of            :
themselves and all others           :          MEMORANDUM
similarly situated,                 :          AND   ORDER
                                    :
             Plaintiffs,            :
                                    :
    - against -                     :
                                    :
CHERYL IGHODARO, ANGELA HALL,       :
PRECISE MANAGEMENT, INC., PRECISE   :
REAL ESTATE MANAGEMENT INC., JOHN   :
and JANE DOES 1-10, and PRECISE     :
BUILDING SERVICES INC.,             :
                                    :
             Defendants.            :
- - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/29/16

   The plaintiffs in this wage-and-hour action have moved for conditional certification of a Fair Labor Standards Act ("FLSA") collective action.[1] The plaintiffs additionally request that the

---

   [1] I previously consolidated McLean v. Ighodaro, No. 16 Civ.

1

Court authorize notice to potential opt-in plaintiffs. For the reasons that follow, the plaintiffs' motion to conditionally certify a collective action is granted and the plaintiffs' requests as to notice are granted in part and denied in part.

Background

The background of this action is set forth in my September 28, 2016 Report and Recommendation, see Hoffman v. Ighodaro, Nos. 16 Civ. 155, 16 Civ. 4380, 2016 WL 6093236, at *1-2 (S.D.N.Y. Sept. 28, 2016), report and recommendation adopted, 2016 WL 6092706 (S.D.N.Y Oct. 18, 2016), and I will repeat here only what is necessary to this motion.

The individual defendants operate Precise Management, Inc., Precise Real Estate Management Inc., and Precise Building Services Inc. (collectively, "Precise") to provide property management services in New York City. Hoffman, 2016 WL 6093236, at *1. Precise employed the plaintiffs as superintendents and porters at buildings the defendants managed. Id. The plaintiffs' responsibilities included landscaping, cleaning, repairs, and trash removal. Id. The plaintiffs allege that the defendants

---

4380, with Hoffman v. Ighodaro, No. 16 Civ. 155. Hoffman v. Ighodaro, Nos. 16 Civ. 155, 16 Civ. 4380, 2016 WL 5812666, at *3 (S.D.N.Y. Sept. 28, 2016). Although the plaintiffs moved for conditional certification in McLean only, I will consider the motion as though it had been properly filed in Hoffman.

2

willfully deprived them of regular and overtime wages, failed to pay them on time, and did not issue accurate payroll statements or notifications.  Id. at *2.

Discussion

    A.    Conditional Certification

An FLSA plaintiff may elect to seek certification of a collective action, a process that consists of two stages.  Jeong Woo Kim v. 511 E. 5th Street, LLC, 985 F. Supp. 2d 439, 445 (S.D.N.Y. 2013); see 29 U.S.C. § 216(b).  At the first stage, the "court makes 'an initial determination to send notice to potential opt-in plaintiffs who may be "similarly situated" to the named plaintiffs with respect to whether a FLSA violation has occurred.'" Garcia v. Chipotle Mexican Grill, Inc., No. 16 Civ. 601, 2016 WL 6561302, at *3 (S.D.N.Y. Nov. 4, 2016) (quoting Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010)).  "At the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs."  Agerbrink v. Model Services LLC, No. 14 Civ. 7841, 2016 WL 406385, at *1 (S.D.N.Y. Feb. 2, 2016) (quoting Myers, 624 F.3d at 555)).  At that point, the district court typically looks to the "(1) disparate factual and employment settings of the individual plaintiffs; (2) defenses

available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations counseling for or against [collective action treatment]." Zivali v. AT&T Mobility, LLC, 784 F. Supp. 2d 456, 460 (S.D.N.Y. 2011) (alteration in original) (quoting Laroque v. Domino's Pizza, LLC, 557 F. Supp. 2d 346, 352 (E.D.N.Y. 2008)).

The standard at the first stage is not a stringent one -- all that is required is a "'modest factual showing' based on the 'pleadings and affidavits' that the putative class members were 'victims of a common policy or plan that violated the law,'" but some showing is required beyond the allegations contained in the complaint. Fernandez v. Sharp Management Corp., No. 16 Civ. 551, 2016 WL 5940918, at *2 (S.D.N.Y. Oct. 13, 2016) (quoting Cardenas v. AAA Carting, 12 Civ. 7178, 2013 WL 4038593, at *1 (S.D.N.Y. Aug. 9, 2013)).  To meet this burden, the plaintiff's own declaration or the declarations of other potential class members are sufficient. Trinidad v. Pret a Manger (USA) Ltd., 962 F. Supp. 2d 545, 557-58 (S.D.N.Y. 2013).  Indeed, courts have granted motions for conditional certification where only one plaintiff submitted a declaration. See Khamsiri v. George & Frank's Japanese Noodle Resturaunt Inc., No. 12 Civ. 265, 2012 WL 1981507, at *1 (S.D.N.Y. June 1, 2012).

Five plaintiffs here have submitted declarations specifying that Precise failed to pay them for regular and overtime hours and that the defendants committed other wage-and-hour violations; furthermore, the plaintiffs assert that they have personal knowledge of other employees -- not named in the lawsuit -- who were subject to the same unlawful practices. (Declaration of John Godoy dated Oct. 26, 2016 ("Godoy Decl."), ¶¶ 14-19; Declaration of Edgar Hicks dated Nov. 3, 2016 ("Hicks Decl."), ¶¶ 14-20; Declaration of Eric Hoffman dated Nov. 3, 2016 ("Hoffman Decl."), ¶¶ 14-19; Declaration of Willie Horne dated Nov. 2016 ("Horne Decl."), ¶¶ 13-19; Declaration of Gregory McClain dated Oct. 26, 2016 ("McClain Decl."), ¶¶ 9-22). Indeed, the declarations state that other porters and superintendents employed by the defendants were subject to the same unlawful practices at other buildings. (Godoy Decl., ¶¶ 6, 16-17, 19; Hicks Decl., ¶¶ 6, 17-18, 20; Hoffman Decl., ¶¶ 6, 16-17, 19; Horne Decl., ¶¶ 6, 16-17, 19; McClain Decl., ¶¶ 6, 9, 18-20, 22; Declaration of Gregory McClain dated Dec. 7, 2016, ¶¶ 15-31). Therefore, the plaintiffs' motion to conditionally certify an FLSA collective action is granted.

B.  Notice

Although 29 U.S.C. § 216(b) does not expressly provide for notice to potential opt-in plaintiffs, it is well settled that a court may authorize such notice. Cohen v. Gerson Lehrman Group,

5

Inc., 686 F. Supp. 2d 317, 331 (S.D.N.Y. 2010).  "'When exercising its broad discretion to craft appropriate notices . . . , District Courts consider the overarching policies of the collective suit provisions' and ensure that putative plaintiffs receive 'accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate.'"  Bittencourt v. Ferrara Bakery & Cafe Inc., 310 F.R.D. 106, 116 (S.D.N.Y. 2015) (quoting Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007)).  Notice prevents the "erosion of claims due to the running statute of limitations" and promotes "judicial economy."  Hernandez v. Bare Burger Dio Inc., No. 12 Civ. 7794, 2013 WL 3199292, at *5 (S.D.N.Y. June 25, 2013) (quoting Khamsiri, 2012 WL 1981507, at *1).

   The plaintiffs here have provided a proposed notice as well as a consent form.  (Notice of Federal Lawsuit with Opportunity to Join ("Notice"), attached as Exh. A to Declaration of Anthony Portesy dated Nov. 11, 2016 ("Portesy Decl."); Consent to Become a Party Plaintiff, attached as Exh. B to Portesy Decl.).  Notice to potential opt-in plaintiffs is appropriate here within the following guidelines.

   1.   Relevant Employment Period

   The defendants assert that notice should be sent only to workers employed within three years of the filing of the complaint

because that is the limitations period under the FLSA, while the plaintiffs assert that the relevant period for notice should be six years because they have also asserted claims under the New York Labor Law ("NYLL") which has a six-year statute of limitations. There is a split in this Circuit on whether the covered period for collective action notice should be three years or six years when NYLL claims are alleged. See Romero v. La Revise Associates, L.L.C., 968 F. Supp. 2d 639, 649 (S.D.N.Y. 2013); Trinidad, 962 F. Supp. 2d at 563 (collecting cases).

Courts applying the three-year period reason that, where no New York state class action has been certified, "[t]hree years is the maximum time period to join an FLSA collective action . . . . If and when a class is certified under New York law, class members will receive notice at that time through the class action notification process." Romero, 968 F. Supp. 2d at 649; see also Garcia, 2016 WL 6561302, at *9 (holding that three-year covered period was appropriate when plaintiff had not moved for certification of NYLL claim). Additionally, using a six-year period may cause confusion to "plaintiffs who potentially have two disparate claims with different statutes of limitations," and it may be inefficient to provide "notice to plaintiffs whose claims may well be time-barred." Trinidad, 962 F. Supp. 2d at 564.

The rationale for approving a six-year window is that it is

economical to provide "notice to plaintiffs with FLSA claims who may also have NYLL claims subject to a six-year statute of limitations." Id. Additionally, six years may be appropriate when the potential class is not very large and the notice itself mitigates possible confusion. Benavides v. Serenity Spa NY Inc., 166 F. Supp. 3d 474, 484-85 (S.D.N.Y. 2016).

The three-year period more effectively serves the goal of efficiency in this case and will avoid confusing individuals whose claims arise only under the NYLL, that is, those whose employment by Precise ended more than three but less than six years before the complaint was filed. Furthermore, the potential class in this case is large and the notice does little to mitigate possible confusion. Therefore, notice will be limited to individuals who were employed within three years of the date of the complaint. See Benavides, 166 F. Supp. 3d at 485.

2. Relevant Employees

The defendants contend that notice should be limited to the locations at which the plaintiffs worked and should not be sent to porters. "In this Circuit, courts have regularly found named plaintiffs to be similarly situated to employees at locations where they did not work, provided that the plaintiffs demonstrate that they were all subject to the same allegedly unlawful policy or practice." Hamadou v. Hess Corp., 915 F. Supp. 2d 651, 662

(S.D.N.Y. 2013). The declarations and the complaints support the inference that the defendants had unlawful wage-and-hour policies throughout their enterprise, as the plaintiffs have asserted that Precise managed numerous residential properties and that the challenged practices occurred in many of the buildings. (Godoy Decl., ¶¶ 5-7, 17; Hicks Decl., ¶¶ 5-8, 18; Hoffman Decl., ¶¶ 5-8, 17; Horne Decl., ¶¶ 5-7, 17; McClain Decl., ¶¶ 5-9, 20). Additionally, the plaintiffs have properly asserted that there are similarly situated porters. (Godoy Decl., ¶¶ 10, 16; Hicks Decl., ¶¶ 10, 17; Hoffman Decl., ¶¶ 10, 16; Horne Decl., ¶¶ 9, 16; McClain Decl., ¶¶ 11, 20). Notice may therefore be provided to both superintendents and porters at all locations managed by Precise.

### 3.   Return Address for Consent Forms

The plaintiffs assert that the consent forms should be returnable to their counsel, while the defendants argue that they should be sent to the Clerk of the Court to prevent discouraging potential plaintiffs from seeking other counsel. "[W]hile courts in this district have not come to a consensus on this issue, '[t]he majority of courts [] have directed opt-in plaintiffs to mail the consent form to plaintiffs' counsel.'" Agerbrink, 2016 WL 406385, at *4 (second and third alterations in original) (quoting She Jian Guo v. Tommy's Sushi Inc., No. 14 Civ. 3964, 2014 WL 5314822, at *5 (S.D.N.Y. Oct. 16, 2014)). Since the notice here advises

9

potential opt-in plaintiffs that they may seek alternative counsel (Notice at 4), there is no reason to require that consents be returned directly to the Court. See She Jian Guo, 2014 WL 5314822, at *5 (mailing to plaintiffs' counsel "particularly appropriate" when notice advises that alternative counsel may be sought).

### 4. "Further Information" Section of Notice

Section 10 of the notice indicates that the Honorable Lewis A. Kaplan, U.S.D.J., authorized the notice.  It should instead reflect that I have done so.

### 5. Posting in Defendants' Place of Business

The defendants have not objected to posting the notice at their business locations.  The defendants shall post the notice and multiple copies of the opt-in form at their office locations in a place conspicuous to all relevant employees for the duration of the sixty-day opt-in period.  See Schear v. Food Scope America, Inc., 297 F.R.D. 114, 129 (S.D.N.Y. 2014).

### 6. Discovery of Identifying Information

The plaintiffs have requested that the Court order the defendants to produce information to effect the notice, and the defendants have not objected. Specifically, they ask for "a list of data in computer-readable format that includes the names, last known mailing addresses, phone numbers, dates of birth, work locations, and dates of employment for all of Defendants' porters

and superintendents since June 13, 2010." (Memorandum of Law in Support of Plaintiffs' Motion to Conditionally Certify a FLSA Collective Action and Authorize Issuance of Notice of Pendency to Collective Class and Prospective Class Members at 11).

Requests for the production of names, mailing addresses, telephone numbers, and employment dates of potential opt-in plaintiffs are generally granted, and there is no reason to deny the request here. See Sanchez v. Salsa Con Fuego, Inc., No. 16 Civ. 473, 2016 WL 4533574, at *5 (S.D.N.Y. Aug. 24, 2016); Diatta v. Iguana New York Ltd., 15 Civ. 6399, 2016 WL 2865132, at *6 (S.D.N.Y. May 10, 2016).  Identification of the places of employment with the defendants is also appropriate. See Jie Zhang v. Wen Mei, Inc., No. 14 CV 1647, 2015 WL 6442545, at *7 (E.D.N.Y. Oct. 23, 2015).  However, the plaintiffs have not explained why dates of birth are necessary, and that request is therefore denied without prejudice to it being renewed upon a showing that this information is necessary to locate any potential opt-in plaintiff. See Valerio v. RNC Industries, LLC, 314 F.R.D. 61, 75 (E.D.N.Y. 2016).

Therefore, the defendants shall produce within fourteen days of the date of this Memorandum and Order a list of data in a computer-readable format that includes the names, last known mailing addresses, phone numbers, work locations, and dates of

employment for all porters and superintendents.  Since -- in the normal course of discovery -- the plaintiffs will also discover this information for individuals covered only by the NYLL, the defendants shall produce this information for employees who have worked since January 8, 2010.

       7.   <u>Defendants' Request for Party Conference</u>

The defendants insist that the Court direct the parties to confer on a joint notice to be presented for Court approval.  Yet, the defendants have already stated their objections to the plaintiffs' draft.  Therefore, there is no need to delay this action further.

<u>Conclusion</u>

The plaintiffs' motion for conditional certification of a FLSA collective action (Docket No. 67 in <u>McLean</u>, 16 Civ. 4380) is granted.  The plaintiffs' request to authorize notice is granted with the following modifications: (1) the notice may only be addressed to employees who have been employed since January 8, 2013, and this change must also be made in the salutation; and (2) the "Further Information" section shall be changed to indicate that I approved the notice.  Furthermore, the defendants shall provide, within fourteen days, a list of data in a computer-readable format that includes the names, last known mailing addresses, phone numbers, work locations, and dates of employment

12

for all porters and superintendents who have worked since January 8, 2010. The defendants shall post the notice and multiple copies of the opt-in form in a place conspicuous to all relevant employees for the duration of the opt-in period.

                        SO ORDERED.

                        /s/ James C. Francis IV
                        JAMES C. FRANCIS IV
                        UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         December 29, 2016

Copies transmitted via ECF this date:

Christopher Marlborough, Esq.
The Marlborough Law Firm PC
445 Broad Hollow Rd., Suite 400
Melville, NY 11747

Jonathan E. Schulman, Esq.
Anthony R. Portesy, Esq.
Slater Slater Schulman LLP
445 Broad Hollow Rd., Suite 334
Melville, NY 11747

Seidia R. Bernard, Esq.
Roach Bernard, PLLC
175 North Central Ave.
Valley Stream, NY 11580